**Frank E. STANKEVITZ,**
**Plaintiff-Appellant,**

v.

**IRS, Michael Sassi, B. Morton, Jerome Kurtz, and John J. Kounad,**
**Defendants-Appellees.**

**No. 79–4214.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 1980.
Decided Jan. 12, 1981.

Frank E. Stankevitz, Tacoma, Wash., John D. Burgoyne, Washington, D. C., for plaintiff-appellant.

Gilbert E. Andrews, Washington, D. C., for defendants-appellees.

Before GOLDBERG *, Senior Circuit Judge, DUNIWAY, Senior Circuit Judge, and CANBY, Circuit Judge.

* The Honorable Irving L. Goldberg, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

PER CURIAM:

▮ Frank Stankevitz brought this action alleging that the defendants, various agents of the IRS, conspired to deprive him of constitutional rights by maliciously auditing his account and assessing an unjust deficiency. The district court found each individual defendant to be absolutely immune from suit and the IRS immune by reason of sovereign immunity, and granted summary judgment in favor of all defendants. Stankevitz has alleged some facts—such as the equivalence of the amount of the alleged deficiency and the amount in controversy in a prior criminal trial in which Stankevitz's conviction was reversed on appeal—which, if proven, would cast some doubt on the propriety of the audit and assessment. However, since all of the individual defendants in this case were "responsible for the decision to initiate or continue a proceeding subject to agency adjudication," we agree with the district court's conclusion that these defendants are absolutely immune from a damage action. *Butz v. Economu*, 438 U.S. 478, 516, 98 S.Ct. 2894, 2915, 57 L.Ed.2d 895. Rather, the proper procedure for raising a claim of an illegal agency proceeding is as a defense in the enforcement proceeding itself. As the Supreme Court noted in *Butz*:

> The defendant in an enforcement proceeding has ample opportunity to challenge the legality of the proceeding. An administrator's decision to proceed with a case is subject to scrutiny in the proceeding itself. The respondent may present his evidence to an impartial trier of fact and obtain an independent judgment as to whether the prosecution is justified. His claims that the proceeding is unconstitutional may also be heard by the courts.

438 U.S. 515–516, 98 S.Ct. 2915.

Finding no error in the district court proceeding below, the judgment of the district court is

AFFIRMED.