**William H. and Linda L. JOHNSON**

v.

**UNITED STATES of America, Carl J. Butler, Revenue Agent, Internal Revenue Service.**

**Civ. A. No. 84–6236.**

United States District Court, E.D. Pennsylvania.

March 27, 1985.

348

William and Linda Johnson, pro se.

Rachel Shao, Asst. U.S. Atty., Philadelphia, Pa., for the I.R.S.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

Presently before me is a petition to quash a summons issued by the Internal Revenue Service to the Vice President of the Ephrata National Bank requesting information concerning the financial affairs of petitioners William H. and Linda L. Johnson. The IRS is currently investigating the federal income tax liability of the Johnsons for the years 1981 through 1983. The United States filed a motion for summary denial of the petition and a motion for summary enforcement of the summons, and has requested an award of attorney's fees and costs. For the reasons which

follow, the petition to quash will be denied and the government's request for summary enforcement and for an award of attorney's fees and costs will be granted.

The relevant facts in this case can be summarized as follows. On November 29, 1984, Carl J. Butler, a special agent with the IRS, issued a "third party recordkeeper" summons to the Ephrata National Bank to obtain information which the bank possessed relating to the Johnsons' financial transactions for the years in question. Such "third party recordkeeper" summons are authorized by 26 U.S.C. § 7609(a)(3).

In order to establish a *prima facie* case for enforcement, the government must show that (1) the investigation is being conducted for a legitimate purpose; (2) the information sought is relevant to that purpose; (3) the information is not already in the possession of the IRS, and (4) the administrative steps required by the IRS have been followed. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–255, 13 L.Ed.2d 112 (1964); *Godwin v. United States,* 564 F.Supp. 1209 (D.Del. 1938). The government has filed a sworn declaration of Special Agent Butler that establishes all of the requisite elements of a *prima facie* case for enforcement of the summons. The burden therefore shifts to the petitioners to disprove the existence of a valid purpose or to show that enforcement of the summons would be an abuse of the court's process or would otherwise be improper. *United States v. Powell,* 379 U.S. at 58, 85 S.Ct. at 255; *Byasse v. United States,* No. 84–2415 slip op. (E.D.Pa. Sept. 26, 1984). Specifically, the party opposing an IRS summons must come forward with specific facts, under oath, from his or her own resources, demonstrating that a triable issue exists on a legally sufficient defense, in order to justify an evidentiary hearing. *Universal Life Church, Hidden Valley Congregation v. United States,* 573 F.Supp. 181, 183 (W.D.Va.1983); *Godwin v. United States,* 564 F.Supp. at 1215.

■ The petitioners have failed to adduce any basis for an evidentiary hearing or discovery. They raise in their petition a virtual "laundry list" of conclusory assertions as to why the summons should be quashed.[1] Every contention raised by the petitioners has been decisively rejected by the courts. *See Uhrig v. United States,* 592 F.Supp. 349 (D.Md.1984); *Byasse, supra; Smith v. United States,* 54 A.F.T. R.2d 5182 (M.D.Pa.1984). The petition here is virtually identical to the ones filed in *Uhrig, Smith,* and *Byasse,* copies of which are attached to the government's brief.[2] Each argument raised by the petitioner in the case at bar has been clearly and concisely dealt with by the courts in these cases. There is no reason for this court to repeat this discussion. The petition must be dismissed because it is completely lacking in merit.[3]

The government has asked for the imposition of sanctions. It asserts that the petition submitted by the petitioners in this case is a patently frivolous form petition brought solely for the purpose of delay in contravention of Rule 11 of the Federal Rules of Civil Procedure. Alternatively, if this position is not accepted, the government has requested that sanctions be imposed if the petitioner continues to prosecute this action on frivolous grounds.

■ I agree with the government that the imposition of sanctions is warranted in this case. Under Rule 11 of the Federal Rules of Civil Procedure, the petitioners' signing of the petition constituted a certifi-

cation that: "to the best of his [their] knowledge, information, and belief formed *after reasonable inquiry* it is well grounded in fact and *is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to* harass or to *cause unnecessary delay* or needless increase in the cost of litigation ... [Emphasis added.]"

As the Advisory Committee Notes state, the standard is the same for unrepresented parties, but a determination as to what is reasonable must take into account any special circumstances of the *pro se* litigant.

The petitioners here have filed a form petition which is virtually identical to those submitted in the cases cited above, raising issues which have all been conclusively dealt with by the courts. The filing of this identical petition cannot be attributed to mere coincidence, and the petitioners could not possibly have believed, after reasonable inquiry, that the petition's allegations were "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law." While I recognize that the petitioners should be held to a less stringent standard because of their *pro se* status, I find that they fail to meet their burden of proof because petitioners must have been aware of the existing caselaw in order to obtain copies of the petition which they used. Even if they were not aware, a reasonable inquiry directed to the source from which the identi-

---

**1.** Petitioners assert that the government lacks subject matter jurisdiction over them; that the IRS failed to follow the administrative steps required by the Code; that the petitioners are immune from the operation of the Internal Revenue Code; that the government is guilty of bad faith; and that the government has unclean hands.

**2.** In addition to the three cases cited above, the government has also attached copies of similar petitions filed in *Boch v. United States,* No. 83–1353, slip op. (M.D.Pa. Sept. 20, 1983), and *Newbauer v. United States,* No. 83–3677, slip op. (E.D.Pa. Nov. 17, 1983). In all of these cases, the petitions are almost identical, differing only in the number of contentions asserted.

**3.** Likewise, there is absolutely no basis for the granting of an evidentiary hearing so that petitioners may be able to meet their burden of proof. Under *United States v. Garden State National Bank,* 607 F.2d 61, 71 (3d Cir.1979), an evidentiary hearing may be held where a petitioner asserts, and pleads with some particularity, claims such as "bad faith." Allegations that are merely conclusory are insufficient to warrant an evidentiary hearing. Petitioners present no specific allegations concerning bad faith in their petition. Therefore, an evidentiary hearing is not warranted. *See Godwin v. United States,* 564 F.Supp. 1209 (D.Del.1983).

cal form petition was obtained would have readily uncovered the status of such petitions in the courts. Under these circumstances, I can only conclude that the petition was filed solely for the purpose of delay. An award of attorney's fees and costs is an appropriate sanction.

Accordingly, the government's request for attorney's fees and costs will be granted. The government shall submit within two weeks appropriate affidavits so that a determination may be made as to the appropriate attorney's fees and costs.