**Lorin G. SLOAN and Carol L. Sloan, Petitioners,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. F 85–140.**

United States District Court, N.D. Indiana, Fort Wayne Division.

Nov. 14, 1985.

Lorin G. Sloan, pro se.

Gerald C. Miller, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Christina McKee, Asst. U.S. Atty., Fort Wayne, Ind., for respondent.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on respondent's motion to dismiss and petitioners' ("Sloan") motion to compel discovery. The motion to dismiss has been briefed by both sides. A hearing on the discovery motion was held October 3, 1985, wherein the respondent indicated that its position on the motion to dismiss applied to the discovery motion as well. For the following reasons, the motion to dismiss will be granted and the motion to compel discovery will be denied.

According to the petition to quash and the various documents filed in this cause, the facts appear to be as follows. Special Agent Kenneth J. Matthews of the Internal Revenue Service, on March 11, 1985, issued to Ted Leas, Vice President of City Savings and Loan Association of Hartford City, Indiana and Gary Teegarden, Accounts Manager at Marion Independent Federal Credit Union in Marion, Indiana, an IRS summons requesting "[a]ll account records in the names of or under the control of Lorin G.... and/or Carol ... Sloan for the period December 1, 1980 to January 31, 1985 ...." Because both the savings and loan and the credit union are third-party recordkeepers for purposes of IRS summons, notice was provided to the Sloans and on March 27, 1985 they filed their petition to quash.

In the petition, the petitioners contend that the summons should be quashed because (1) they are "not persons liable for a tax or required to perform an act under Title 26 Section 7602(a)(2)"; (2) that they are not employees as defined in 26 U.S.C. § 3401(c); and (3) that they are not taxpayers as defined by 26 U.S.C. §§ 7701(a)(14) and 1313(b). With the petition, the Sloans also filed an affidavit stating that their allegations are true and made in good faith.

On August 8, 1985, the Sloans filed a motion to compel discovery, seeking to require the respondent to produce the documents which support its denial of petitioners' claims that they are not taxpayers.

The respondent's motion to dismiss the petition to quash is premised on the argument that the reasons offered by the Sloans are simply insufficient to justify the quashing of the summons. The opposition to the discovery motion is premised on the insufficiency of the petition as well. The court therefore begins with the motion to dismiss.

The power of the IRS to issue summons is set out in Chapter 78 of the Code, 26 U.S.C. §§ 7601–7611. Section 7601 directs the Secretary to "cause officers or employees of the Treasury Department to proceed ... through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax ...." In order to carry out this mandate, § 7602 provides:

> For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ... or collecting any such liability, the Secretary is authorized—
>
> (2) To summon ... any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax ..., or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data ... as may be relevant or material to such inquiry.
> ...

The Sloans read § 7602 as granting the IRS power to issue summons only to obtain information about taxpayers, so that their declaration that they are not taxpayers is sufficient to place them outside the scope of § 7602 summons power. That argument is incorrect, and thus the Sloans' position in the petition to quash is meritless, for several reasons. First, the language of § 7601 quoted above indicates a much broader scope. It requires the IRS to investigate all persons who *"may"* be liable to pay taxes, which no doubt includes persons who are not liable for taxes. The rationale be-

hind § 7601 is to ensure that the IRS finds all who are liable for taxes; such thoroughness can be accomplished only through the investigation of all *potential* taxpayers.

The language of § 7602 promotes the goal of § 7601. The summons power extends to "making a return where none is made" and to "determining the liability of any person for any internal revenue tax." This latter phrase clearly empowers the Secretary to issue summons to obtain information about any potential taxpayer, even if the Secretary ultimately determines that the person investigated does not owe any tax. That is why courts have held that the IRS is not required to establish tax liability prior to the issuance of a summons under § 7602. *See United States v. McAnlis*, 721 F.2d 334, 336 (11th Cir.1983), *cert. denied,* — U.S. ——, 104 S.Ct. 2681, 81 L.Ed.2d 877 (1984); *Uhrig v. United States*, 592 F.Supp. 349, 353 (D.Md.1984). Thus, whether or not the Sloans are "taxpayers," "employees," or "persons liable for a tax" is simply irrelevant to the summons power granted in § 7602.

Second, courts have rejected arguments that summonses should be quashed because the Internal Revenue Code does not apply to the persons being investigated. *See McAnlis*, 721 F.2d at 336; *Johnson v. United States*, 607 F.Supp. 347, 349 (E.D. Pa.1985); *Uhrig*, 592 F.Supp. at 353. That reasoning applies here with full force.

Third, there is evidence to suggest that the Sloans are in fact subject to the Internal Revenue laws. At the October 3, 1985 hearing, Mr. Sloan indicated that he works for a division of General Motors. It is a safe assumption to make that he receives a wage for his work, and the law of this court, as well as the Seventh Circuit, is that "WAGES ARE INCOME" for purposes of taxation under the Code. *Granzow v. Commissioner*, 739 F.2d 265, 267 (7th Cir. 1984); *United States v. Kaliboski*, 732

F.2d 1328, 1328 n. 1 (7th Cir.1984); *Snyder v. I.R.S.*, 596 F.Supp. 240, 249 (N.D.Ind. 1984); *Cameron v. I.R.S.*, 593 F.Supp. 1540, 1552 (N.D.Ind.1984), *aff'd,* 733 F.2d 126 (7th Cir.1985). Sloan's liability for taxes would exist whether or not he met the definition of "employee" under 26 U.S.C. § 3401(c).[1]

It is therefore clear that the summonses issued in this case were issued properly, and the petitioners have offered no meritorious grounds to quash those summonses. Therefore, the motion to dismiss will be granted.

With the dismissal of the petition to quash, the discovery motion must also be denied because it is no longer a part of any proceeding before this court. However, the motion itself deserves comment. It is clear that "a taxpayer's discovery rights in a summons enforcement proceeding are very limited." *United States v. Price*, 655 F.2d 56, 59 (5th Cir.1981). The ultimate burden is to show a lack of good faith. *United States v. Kis*, 658 F.2d 526, 539 (7th Cir.1981), *cert. denied,* 455 U.S. 1018, 102 S.Ct. 1712, 72 L.Ed.2d 135 (1982); *United States v. Moll*, 602 F.2d 134, 138 (7th Cir. 1982). Here, the only allegation of possible bad faith is the claim that because the Sloans submitted an affidavit averring that they are not taxpayers, the respondent's continued pursuit of this matter constitutes bad faith, apparently justifying discovery of the documents which support the denial of the affidavit. However, no bad faith is present here. Mr. Sloan's admission concerning his employment at the General Motors division in Marion, Indiana suggests strongly (if not proves) that he may be liable for Internal Revenue taxes, and thus a summons to investigate that liability is completely proper. The mere filing of an affidavit alleging the legal conclusion that a person is not a taxpayer is insufficient to force the IRS to stop a tax investigation

---

**1.** The court notes in passing that the Sloans misread § 3401. That section defines wages as "all remuneration ... for service performed by an employee for his employer" in order to determine what amount of the wages should be withheld by the employer for purposes of collecting income tax under § 3402. Section 3401(c) does not define "employee"; rather, it is designed to make clear that "employee" is intended to include state and federal officers and elected officials. Mr. Sloan is clearly an employee for purposes of the Internal Revenue laws.

for fear of acting in bad faith; any other conclusion would grind the tax collection machinery of this country to a halt, and would be directly contrary to the congressional purpose implicit in the broad language of §§ 7601 and 7602. The respondent should not be forced to produce documents under the facts alleged here. Therefore, the motion to compel discovery will be denied.

Although not raised by the respondent, the issue of sanctions for the filing of this meritless petition to quash must be addressed. Rule 11 of the Federal Rules of Civil Procedure requires that each pleading or motion be signed by an attorney or the party (if the party is proceeding *pro se*). The rule then provides:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

If a pleading violates this rule the court "shall impose" an "appropriate sanction," which may include the amount of reasonable expenses and attorney's fees incurred by the other party because of the filing of the pleading or motion. The rule applies to *pro se* litigants, although the concerns of *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), must be taken into account.

■ The core of Rule 11 is that the signature on the pleading certifies that "after reasonable inquiry [the pleading, motion or paper] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law ...." Thus, Rule 11 sanctions cannot be avoided by a mere subjective belief that the law or facts are a certain way; the "reasonable inquiry" language makes the test an objective one. *Indianapolis Colts v. Mayor and City of Baltimore,* 775 F.2d 177, 181 (7th Cir.1985); *Glick v. Koenig,* 766 F.2d 265, 270 (7th Cir.1985).

■ The lack of merit in the Sloans' position is obvious to any person who reads the statutes cited by the Sloans in their petition to quash. Section 7601 clearly states that the IRS may inquire after persons who "may" be liable for taxes, and § 7602 specifically allows for summons to be used to determine the liability of any person for any tax. As noted before, the Sloans have misread § 3401's language concerning employees. The language of §§ 7701(a)(14) and 1313(b), which define taxpayer as a person subject to any tax is both immaterial to the issuance of a summons given § 7602, and is (in light of Mr. Sloan's admissions concerning his employment) applicable to the Sloans. If the Sloans read the Internal Revenue Code as closely as they claimed they did, they would not have made the patent misinterpretations which underlie this petition.

Courts have recognized the propriety of assessing sanctions against litigants who claim to be exempt from the Internal Revenue laws. *Granzow v. Commissioner,* 739 F.2d at 269–70; *Snyder,* 596 F.Supp. at 252; *Cameron,* 593 F.Supp. at 1558. In *Johnson v. United States,* 607 F.Supp. 347 (E.D.Pa.1985), the court awarded attorney fees to the government for the filing of a frivolous petition to quash. *Id.* at 349–50. Frivolous suits such as this waste precious judicial resources, and incur needless costs for the respondent. Such irresponsible use of the courts to harass the government and delay the orderly administration of the Internal Revenue laws will not be tolerated. The court will therefore assess a sanction in the amount of Two Hundred Fifty Dollars ($250.00) for attorney fees incurred by the respondent for having to defend against this frivolous action, and, pursuant to the notice given by this court in *Cameron,* 593 F.Supp. at 1558 n. 4, a fine in the amount of Two Hundred Fifty Dollars ($250.00).

The fact that the Sloans may have relied on the opinions of others, such as Robert Minarik, who sat at counsel table with the Sloans during the October 3, 1985 hearing and who has a similar action pending in the South Bend Division of this court, does not alter the court's conclusion as to the propriety of a Rule 11 sanction, and in fact strengthens the rationale in favor of it. At the hearing, counsel for the respondent indicated that the pleadings in Minarik's South Bend petition to quash were very similar to the pleadings here, and the court's own examination of the South Bend file confirms that fact. Minarik admitted that Judge Sharp had denied the petition, so that both Minarik and the Sloans were aware that these arguments had been rejected by another court in this district. Further, litigants who have advanced frivolous ideas such as the inapplicability of the Internal Revenue laws, that wages are not income, and that the Internal Revenue Code is unconstitutional or not "positive law," have been sanctioned in this court for their baseless claims. *See Snyder; Cameron.* This court put all litigants on notice, *see Cameron,* 593 F.Supp. at 1558 n. 4, that frivolous suits about the tax laws would result in Rule 11 sanctions. Litigation in light of such notice cannot be excused on the grounds of reliance on others who espouse such meritless contentions.

The presence of Mr. Minarik at counsel table with the Sloans, as well as the remarkable similarity of the pleadings in this and Minarik's South Bend petition, lend credence to this court's belief that there is a network of misguided citizens who believe they can exempt themselves from the Internal Revenue laws despite the clear judicial precedent to the contrary. Some of those citizens may have been misled by people like Minarik—false prophets whose messages only result in the sanctions imposed today. Without so deciding, the court believes that the Sloans may have a cause of action against Minarik or any other person who counseled the Sloans to file this petition. However, until such lawsuits are filed by the unfortunate taxpayers who must pay the penalty for such prophecies, this court will continue to penalize taxpayers who file such meritless litigation as this petition to quash in the hopes that such penalties discourage and eliminate these wasteful proceedings.

For the reasons stated above, the motion to dismiss the petition to quash is hereby GRANTED, and the petition is hereby DISMISSED. The motion to compel discovery is hereby DENIED. Petitioners are hereby ORDERED to pay the respondent Two Hundred Fifty Dollars ($250.00) in attorney's fees, and to pay the Clerk of this court Two Hundred Fifty Dollars ($250.00) as a Rule 11 sanction for filing this petition.