J. Albert **HUTCHINSON,**
**Plaintiff-Appellant,**

v.

**UNITED STATES of America, A political entity and corporation, Commissioners of Internal Revenue and Acting Commissioners of Internal Revenue, Twenty Unknown District Directors, Acting District Directors and Revenue Agents of Internal Revenue Service, Western Division, Delagatees of the Secretary of the Treasury, each Incumbent during the Calendar Years 1970 through 1977, Defendants-Appellees.**

No. 79–4542.

United States Court of Appeals,
Ninth Circuit.

Argued March 11, 1982.

Submitted April 8, 1982.

Decided May 26, 1982.

---

J. Albert Hutchinson, in pro per.

John A. Dudeck, Jr., Dept. of Justice, Washington, D. C., argued, for defendants-appellees; Michael L. Paup, Dept. of Justice, Washington, D. C., on brief.

Before GOODWIN, SNEED, and ANDERSON, Circuit Judges.

SNEED, Circuit Judge:

Taxpayer/appellant Hutchinson[1] appeals pro se from the district court's dismissal of his claims for refund of asserted overpayments, for declaratory and injunctive relief and for damages against the Commissioner and his employees in both their individual and official capacities. Our jurisdiction arises under 28 U.S.C. § 1291. The district court found that there were no genuine issues of material fact and granted the government's motion for summary judgment. We affirm.

I.

STATEMENT OF FACTS

Hutchinson filed an individual income tax return for 1970 which showed a tax liability of $7,892.10.[2] His prepaid estimated and withholding tax credits totaled $10,720.70, entitling him to a refund of $2,828.60, the amount of his overpayment for 1970. In lieu of the refund, Hutchinson requested that the Commissioner credit the overpayment to his estimated liability for 1971 income taxes. This the Commissioner did. Hutchinson filed his 1971 return in a timely manner.

This same 1970 overpayment influenced Hutchinson's 1972 return also. For taxable

---

1. We will refer to appellant husband and wife collectively as "Hutchinson" throughout this opinion.

2. The term liability means the amount of tax shown due on a return without regard to prepayments of withholding, estimated taxes or payments with return.

year 1972 Hutchinson reported a liability of $6,885.99 and prepaid withholding and estimated tax credits of $3,484.20, which included the $2,828.60 overpayment from 1970 transferred into the 1971 account per his request. He paid the $3,401.79 difference between his reported liability and prepayment credits.

Hutchinson, however, was not content. Thereafter, he amended his 1971 return, reducing his tax liability and claiming a resulting overpayment of $3,078.12. He asked the Commissioner to apply the overpayment to his estimated tax liability for 1972. The Commissioner refused to recognize the overpayment and commenced an examination of Hutchinson's 1970 and 1971 returns. He eventually determined not only that Hutchinson was not entitled to the asserted overpayment, but also that Hutchinson's reported liabilities should be increased by $4,317.96 for 1970 and $1,520.18 for 1971. Upon the Commissioner's issuance of the statutory notices of deficiency, the taxpayer petitioned the tax court for review of the examination results and for a determination that he was entitled to the asserted overpayment for 1971.

Prior to the tax court's determination of the controversies related to the results of the examinations of the 1970 and 1971 returns and the amended 1971 return, Hutchinson filed not only his 1972 income tax return, but also an amended 1972 return and a return for 1973. Although he knew that no final decision had yet been reached on the merits of his claim and that the Commissioner was contesting the asserted overpayment on the 1971 amended return, Hutchinson continued to claim the overpayment as a credit against tax, requesting that the Commissioner credit it against his 1972 and 1973 liabilities. This the Commissioner refused to do.

Since the Commissioner did not recognize the asserted overpayment from 1971 as applicable to reduce Hutchinson's 1973 liability, he determined that there was a balance due on the 1973 account. Hutchinson continued to insist that there was no balance due on the account due to the credit generated by his asserted 1971 overpayment. He failed to pay the 1973 liability and the Commissioner commenced enforcement activity.

In response, Hutchinson filed this action on October 19, 1978, seeking: (1) recovery of an alleged overpayment of income taxes for the year 1973; (2) declarative and injunctive relief with respect to his entitlement to credits based on the alleged overpayment for prior years; and (3) compensatory and exemplary damages for the alleged wrongful conduct of Internal Revenue Service employees and officials in connection with their denial of the claimed credits and actions taken to enforce collection. In addition to the United States, the complaint purported to join as defendants the Commissioner, Acting Commissioner, various District Directors, Acting District Directors and Revenue Agents.

## II.

### ANALYSIS

■ Summary judgment is appropriate only where there is no issue of material fact and the moving party, here, the government, must demonstrate the right to judgment as a matter of law. *Aronsen v. Crown Zellerbach*, 662 F.2d 584, 591 (9th Cir. 1981). We are mindful too that summary judgment procedures should be used with care and restraint. *Douglas v. Anderson*, 656 F.2d 528, 535 (9th Cir. 1981).

We turn now to an application of these principles to each of taxpayer's claims.

#### A. *Refund Claim*

Basically, Hutchinson asks us to hold that a tax liability be deemed satisfied for purposes of maintaining a refund suit in the district court, even though the asserted satisfaction is dependent solely upon the application of a credit that is the subject of an unresolved dispute between the taxpayer and the Commissioner. We decline to so hold.

■■ Full satisfaction of the income tax assessment upon which refund is sought is a jurisdictional prerequisite to maintenance of a suit for refund in the district court. *Flora v. United States*, 362 U.S. 145, 146, 80

S.Ct. 630, 631, 4 L.Ed.2d 623 (1960). Hutchinson's allegation that he had paid the 1973 assessment in full at the time he filed suit rests entirely upon the claim that the outstanding liability for 1973 should have been satisfied by transfer of his asserted overpayment from 1971. Hutchinson knew when he filed suit in the district court that the Commissioner did not recognize the asserted overpayment and that the matter was still pending before the tax court. His mere claim that the 1973 liability was satisfied by a then-disputed credit from 1971 does not establish full satisfaction of the 1973 liability. Were it to do so, any taxpayer could sue for a refund in the district court upon a mere claim that a liability had been satisfied by a transfer of credits from another tax period. *Flora v. United States*, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960), requires full satisfaction of any reported liability, not merely the claim thereof. Accordingly, the dismissal of this claim was proper because the affidavits and pleadings establish that Hutchinson had not fully satisfied his 1973 income tax liability at the time summary judgment was granted.[3]

### B. *Injunctive Relief*

██ Under the Anti-Injunction Act, I.R.C. § 7421(a), courts are without jurisdiction to grant injunctions restraining the assessment or collection of taxes. This proscription, however, is subject to the exception provided in I.R.C. § 6213(a), which authorizes a court to restrain the assessment or collection of taxes if the Commissioner has failed to issue a statutory notice of deficiency under I.R.C. § 6212. It is undisputed that the Commissioner did not issue such a notice to Hutchinson for 1973. However, because he was not required to issue the notice under the circumstances of this case the exception of I.R.C. § 6213(a) is not applicable.

**3.** We note that the tax court has rendered its final decision on these claims. *Hutchinson v. Commissioner*, 41 T.C.M. (C.C.H.) 531 (1980). It ruled that the taxpayer had overpaid his 1971 income taxes in the amount of $1,969.18. However, it also ruled that there is a deficiency of $4,317.96 for the 1970 tax year. The effect of this decision, once it becomes final, will be

██ This inapplicability rests on the fact that the Commissioner has not challenged Hutchinson's 1973 reported liability. Rather, the dispute relates solely to whether Hutchinson is entitled to transfer an asserted overpayment from 1971 to satisfy his 1973 liability. It is the satisfaction of the 1973 liability that is challenged, not its existence and amount. The assessment of an amount of tax which the Commissioner claims has not been satisfied but which the taxpayer claims has been satisfied is not the assessment of a deficiency. *Denton v. United States*, 235 F.2d 733, 735 (3d Cir. 1956).

Hutchinson's 1973 claim of overpayment from 1971 taxes constituted an overstatement of credits, as described in I.R.C. § 6201(a)(3), because the audit of appellant's 1971 taxes had wiped out the credit he was claiming in satisfaction of his 1973 liability. Issuance of statutory notices of deficiency is not required for assessments under I.R.C. § 6201(a)(3). No deficiency, as defined in I.R.C. § 6211, with respect to 1973 existed. Accordingly, the exception to I.R.C. § 7421 provided in I.R.C. § 6213(a) is not applicable. The district court properly declined to grant injunctive relief to appellant.

### C. *Declaratory Relief*

██ The district court lacked jurisdiction to enter a declaratory judgment with respect to Hutchinson's liability. In pertinent part, the Declaratory Judgment Act, 28 U.S.C. § 2201 provides:

"In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether

to render this refund suit essentially moot. Nevertheless, we assess the propriety of the dismissal of the refund claim on jurisdictional grounds in light of the facts as they existed when taxpayer filed his action in the district court. *See Church of Scientology of Colorado v. United States*, 499 F.Supp. 1085, 1088 (D.Colo.1980).

or not further relief is or could be sought...." (emphasis added).

Thus, the district court properly declined to grant declaratory relief.

D. *The Damage Action Against the United States and Its Employees Acting in Their Official Capacities*

The United States is a sovereign and, as such, is immune from suit without its prior consent. *United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 661, 84 L.Ed. 888 (1940). Where sovereign immunity is waived, any suit must comply with the terms of the statutory waiver of immunity. *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants. *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 687, 69 S.Ct. 1457, 1460, 93 L.Ed. 1628 (1949); *Sportique Fashions, Inc. v. Sullivan,* 421 F.Supp. 302, 305 (N.D. Cal.1976), *aff'd,* 597 F.2d 664 (9th Cir. 1979). Absent consent to sue, dismissal of the action is required. *Stout v. United States,* 229 F.2d 918 (2d Cir.), *cert. denied,* 351 U.S. 982, 76 S.Ct. 1047, 100 L.Ed. 1496 (1956); *Jules Hairstylists of Maryland, Inc. v. United States,* 268 F.Supp. 511 (D.Md.1967), *aff'd per curiam,* 389 F.2d 389 (4th Cir.), *cert. denied,* 391 U.S. 934, 88 S.Ct. 1847, 20 L.Ed.2d 854 (1968).

The United States has, of course, waived its immunity with respect to actions permitted under the Federal Tort Claims Act, 28 U.S.C. §§ 1345(b) and 2671–2680. The Federal Tort Claims Act, however, cannot serve as a basis for jurisdiction here inasmuch as the taxpayer has neither shown nor alleged that he has filed the proper administrative claim with the Internal Revenue Service as required by 28 U.S.C. § 2675(a). *See Caton v. United States,* 495 F.2d 635 (9th Cir. 1974). Moreover, the provisions of the Federal Tort Claims Act specifically exclude claims based upon the performance of a discretionary function by a government officer and claims arising with respect to the assessment and collection of any tax. 28 U.S.C. § 2680(a) and (c).

Thus, as to both the United States and the individual defendants, to the extent they were sued in their official capacities, the district court properly concluded that the claims were barred by the doctrine of sovereign immunity. *Larson v. Domestic and Foreign Commerce Corp.,* 337 U.S. 682, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941).

E. *The Damage Action Against the Defendants Acting Outside Their Official Capacities*

Hutchinson also requested damages for the individual actions of various unnamed officials and agents of the United States. The complaint contained conclusory and general allegations that the conduct of the unnamed defendants was in bad faith, and in conscious disregard of Hutchinson's constitutional rights. The only acts specifically alleged were that the individual defendants had wrongly applied Hutchinson's asserted overpayment of tax and had unlawfully levied upon his bank accounts.

There are three independent bases to justify the district court's granting of summary judgment on these claims.

First, at hearings held on the government's motion for summary judgment, the district court had tentatively ruled that the damage action as to the individual defendants should be dismissed. However, the district court granted Hutchinson leave to file an amendment to his complaint naming specific federal officials as individual defendants and stating the factual specifics of their alleged violation of his constitutional rights so as to render his claims in compliance with Federal Rule of Civil Procedure 8(a)(2).[4] Hutchinson did not amend his complaint. Accordingly, the district court properly entered a final judg-

---

4. Fed.R.Civ.P. 8(a)(2) provides that "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief."

ment order dismissing the complaint as to these individuals. *See Johnson v. Reagan,* 524 F.2d 1123, 1124 (9th Cir. 1975) (per curiam).

 Second, Rule 4(d) of the Federal Rules of Civil Procedure requires personal service of the summons and complaint upon each individual defendant. Without personal service in accordance with Rule 4, the district court is without jurisdiction to render a personal judgment against a defendant. *Royal Lace Paper Works v. Pest-Guard Products, Inc.,* 240 F.2d 814, 816 (5th Cir. 1957). Here the docket entries show that, with one exception, neither the Commissioner nor any employees of the Internal Revenue Service were personally served with copies of the summons and complaint.[5] Accordingly, insofar as these individuals who were served were sued in their individual capacities, Rule 4(d) required their dismissal from the suit.

 Finally, the defendants as individuals are immune from suit because of their qualified immunity. In *Butz v. Economou,* 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978), the Supreme Court held that federal officials are generally entitled to at least the same "qualified immunity" it had previously accorded to state officials in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Thus, a government officer acting in the course of his official duties is insulated from suit if (1) there existed reasonable grounds for the belief that the challenged action was appropriate, and (2) the officer acted in good faith. Nothing in the taxpayer's conclusory allegations properly alleges facts that would suggest that the Commissioner or his employees acted unreasonably or that they acted in bad faith.

It is true the taxpayer argues that the tax levies and alleged conversions of his tax deposits violated his rights under the Fourth Amendment. This is not so. The Supreme Court has noted that where the government seizes property to collect delin-

quent taxes, the seizure, if it involves no invasion of the taxpayer's premises, does not violate the Fourth Amendment. *See G. M. Leasing v. United States,* 429 U.S. 338, 354, 97 S.Ct. 619, 629, 50 L.Ed.2d 530 (1977). Here, the Internal Revenue Service has committed no invasion of Hutchinson's personal effects or premises. Rather, it levied upon certain of the taxpayer's bank accounts. Thus, Hutchinson has failed to establish a Fourth Amendment violation.

The district court properly granted the government's motion for summary judgment on each claim.

AFFIRMED.

---

5. A copy of the summons and complaint was served on Michael Sassi, a District Director of the Internal Revenue Service. However, the complaint failed to set out specific actions he took which violated Hutchinson's rights. Thus, the complaint failed to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.