872 F.2d 429
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Charles E. OSTMAN, Plaintiff-Appellant,
v.
UNITED STATES of America; U.S. Department of the Treasury;
Internal Revenue Service, Defendants-Appellees.
 No. 88-3607.
 United States Court of Appeals, Ninth Circuit.
 Submitted* Feb. 28, 1989.
Decided March 10, 1989.
 Before JAMES R. BROWNING, FARRIS and WILLIAM A. NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles E. Ostman (Ostman) appeals the district court's dismissal on immunity grounds of his amended complaint seeking a refund and damages from the United States and various government agencies and employees. He contends that the district court erred because the named defendants were not immune, and the dismissal in an in-chambers proceeding violated his due process rights. The government seeks sanctions on appeal.
 
 
 3
 Because the record reflects that Ostman filed a refund claim with the IRS before instituting this action, the district court may have had jurisdiction to consider the refund claim. See 28 U.S.C. Sec. 1346(a)(1); 26 U.S.C. Sec. 7422(a).
 
 
 4
 However, Ostman's complaint failed to state a claim because the refund claim is based on Ostman's contentions that he is not a taxpayer and that his wages are not taxable. See 26 U.S.C. Sec. 1 (a taxpayer is any person subject to any internal revenue tax); 26 U.S.C. Sec. 63(a) (taxable income includes gross income minus allowable deductions); 26 U.S.C. Sec. 61(a)(1) (gross income includes all income from whatever source); Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988) (the contention that wages are not income is frivolous). Accordingly, the district court's dismissal of the claim was proper. See Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir.1987) (sua sponte dismissal for failure to state a claim proper); Smith v. Block, 784 F.2d 993, 996 n. 4 (9th Cir.1986) (this court may affirm on any basis in the record).
 
 
 5
 The district court also properly dismissed Ostman's claim for damages allegedly caused by various government officials' representations that he had to assist his employer in filing a W-4 form and that he had to file a tax return. 28 U.S.C. Sec. 2680(c). The government officials are immune to the extent they are being sued in their official capacities for representations they made regarding Ostman's responsibility regarding income taxes. See 28 U.S.C. Sec. 2680(c) (waiver of immunity does not apply to claims arising out of the assessment and collection of any tax); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982). To the extent they are being sued as individuals, the government officials are entitled to qualified immunity because the alleged misrepresentations were accurate statements of the law. See 26 U.S.C. Sec. 3402 (an individual must supply necessary information for his employer to file a W-4 form); 26 U.S.C. Sec. 6012 (a taxpayer must file a tax return); Hutchinson, 677 F.2d at 1328 (qualified immunity applies where officials acted in good faith, and with a reasonable belief that their acts were reasonable.
 
 
 6
 The dismissal of the complaint in an in-chamber proceeding did not violate Ostman's due process rights. To the extent that the suit is barred by sovereign immunity, the dismissal without notice or hearing was appropriate because jurisdiction was lacking. See United States v. Mitchell, 463 U.S. 206, 212 (1983); Franklin v. State of Oregon, State Welfare Division, 662 F.2d 1337, 1342 (9th Cir.1981). Second, the dismissal without notice or a hearing was proper because Ostman could not possibly win relief on either claim. See discussion supra; Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir.1987) (dismissal for failure to state a claim without notice is proper if claimant could not possibly win relief).
 
 
 7
 The government's request for sanctions is denied because Ostman's contentions on appeal were not wholly without merit and Ostman was never warned that his complaint was frivolous. See Swimmer v. IRS, 811 F.2d 1343, 1345 (9th Cir.1987) (sanctions are appropriate where the result of the appeal is obvious or the arguments of error are wholly without merit).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3