978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Phil CHAPMAN, Plaintiff,
v.
Howard F. COULSON, et al., Defendant-Appellant,
v.
UNITED STATES of America, Director Internal Revenue Service,
Third-Party-Defendant-Appellee,
Jerry Gastineau, Cross-Defendant-Appellee.
 No. 92-35063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1992.*
Decided Nov. 10, 1992.
 
 Before SCHROEDER, FLETCHER and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Howard Coulson appeals pro se the district court's dismissal of his third-party complaint against the United States for lack of jurisdiction. In his third-party complaint seeking compensatory damages, Coulson alleged the Internal Revenue Service ("IRS") filed a tax lien on his property "based upon hearsay, false charges and without prior notice." We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court's dismissal for lack of subject matter jurisdiction, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Background
 
 
 4
 Phil Chapman filed a judicial foreclosure action against Howard Coulson in the Circuit Court of Oregon. Coulson answered and named Jerry Gastineau as a cross-defendant and the United States as a third-party defendant. The United States removed the action to district court pursuant to 28 U.S.C. §§ 1441(c), 1442, and 1446(d). The United States then moved for dismissal for lack of subject matter jurisdiction. The district court granted the United States' motion to dismiss the government and remanded the action to state court. Coulson appeals the district court's dismissal.[1]
 
 II
 Merits
 
 5
 The United States, as sovereign, may not be sued without its consent, and the terms of consent define the court's jurisdiction. United States v. Dalm, 494 U.S. 596, 608 (1990). No suit may be maintained against the sovereign unless it is brought in compliance with the terms of a statute under which the sovereign has consented to be sued. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982). Waivers of sovereign immunity must be "unequivocally expressed." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 6
 The Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., excludes from the district court's jurisdiction any claim arising "in respect of the assessment or collection of any tax...." 28 U.S.C. § 2680(c); Hutchinson, 677 F.2d at 1327. Here, the federal tax lien at issue was placed on the property pursuant to 26 U.S.C. § 6321, which is in respect of the collection of a tax. Therefore, section 2680(c) barred Coulson's claim for damages.[2] Likewise, section 2680(c) barred any claim based upon tortious conduct by IRS agents. See Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975) (even if IRS agents' collection activities went "beyond the normal scope of authority and amounted to tortious conduct," a claim stemming from such activity falls "squarely within the exempted group of tort claims arising out of tax collection efforts").[3]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This court has jurisdiction over appeals from district court orders dismissing the United States and remanding the remaining action to state court. Gallea v. United States, 779 F.2d 1403, 1404 (9th Cir.1986)
 
 
 [2]
 Moreover, as a prerequisite to filing an action under the FTCA, Coulson was required first to present his claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Coulson neither alleges nor offers evidence that he met this jurisdictional prerequisite
 
 
 [3]
 On appeal, Coulson contends his suit is not one in connection with tax collection but is one involving civil rights violations. Coulson failed to raise this in his third-party complaint and, therefore, may not raise it on appeal. Winebrenner v. United States, 924 F.2d 851, 856 n. 7 (9th Cir.1991)