**Berton T. SCHAEFFER, et al., Plaintiffs,**

v.

**Jack CHIVATERO, Department of the Treasury, Internal Revenue Service, District Director, Defendant.**

**No. 1:90CV0833.**

United States District Court,
N.D. Ohio, E.D.

Dec. 8, 1992.

Michael J. Hill, Lakewood, OH, for plaintiffs.

Robert L. Handros, Tax Div., Dept. of Justice, Washington, DC, for defendant.

## MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

MATIA, District Judge.

This case is before this Court on the motion to dismiss filed by defendant, the district director of the Internal Revenue Service ("IRS").

The complaint in this case contends that the defendant has failed to issue a notice (commonly known as a "thirty-day letter") which will permit plaintiffs to begin an administrative appeal of their income tax assessment for 1984. The complaint further contends that, although the IRS requested and obtained documents for an audit of plaintiffs' income tax liability for 1985, the IRS has not provided plaintiffs with an examination report detailing the IRS's proposed adjustments to their tax liability, nor has the IRS issued a thirty-day letter. Plaintiffs ask the Court to enjoin the IRS to issue the examination report and the letters. Plaintiffs further seek a "protective order" abating the accrual of interest and other additions to their tax liability. Finally, plaintiffs demand that all correspondence from defendant Chivatero be stricken from their administrative file and that Revenue Agent Michael Pataky be removed from the examinations of their tax liabilities.

As a sovereign, the United States is immune from suit unless it has expressly waived its immunity. *United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 660–61, 84 L.Ed. 888 (1940); *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 115 (6th Cir.1988). Sovereign immunity cannot be avoided simply by naming an officer or employee of the United States as defendant. *Ecclesiastical Order*, 845 F.2d at 115; *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982). The question presented in this case is whether the United States has waived its sovereign immunity with respect to plaintiffs' claims.

In the Federal Tort Claims Act ("FTCA"), the United States has waived its sovereign immunity with respect to certain actions, but actions connected to the assessment or collection of taxes are expressly excluded from this waiver. 28 U.S.C.

§ 2680(c); *Ecclesiastical Order*, 845 F.2d at 115. Therefore, this Court does not have jurisdiction under the FTCA.

■ 28 U.S.C. § 1346(a)(1) provides this Court with jurisdiction over:

Any civil action against the United States for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal revenue laws;

To invoke jurisdiction under this statute, a plaintiff must prepay all deficiency assessments for the year in question and file a refund claim with the Internal Revenue Service. *Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958); 26 U.S.C. § 7422. Obviously, plaintiffs have not done so here. Therefore, this Court does not have jurisdiction under 28 U.S.C. § 1346(a)(1).

■ Furthermore, 26 U.S.C. § 7421(a) precludes this Court from granting an injunction to restrain the assessment or collection of a tax, except as provided in § 6213(a). § 6213(a) authorizes a court to restrain the assessment or collection of a tax until the Commissioner has issued a statutory notice of deficiency under § 6212 and the time for appealing to the Tax Court has expired. Here plaintiffs do not complain that the United States is seeking to assess or collect a tax without issuing a statutory notice of deficiency. Therefore, the exception provided in § 6213(a) is inapplicable, and § 7421 precludes this Court from granting the injunctive relief sought.

This Court does not have jurisdiction under 28 U.S.C. §§ 1346 or 2680 or 26 U.S.C. § 6213(a). Plaintiffs have not suggested any other jurisdictional basis for their action. Since the United States has not waived its sovereign immunity, this Court does not have jurisdiction over plaintiff's claims. Accordingly, the Court will dismiss this case, with prejudice.