15 F.3d 1084
 73 A.F.T.R.2d 94-650
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
James V. COLE; Esther R. Cole, Plaintiffs-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 93-35276.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 6, 1993.*
Decided Dec. 20, 1993.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 James and Esther Cole appeal pro se the district court's orders granting the government's motion to dismiss and motion for summary judgment and dismissing their action against the Commissioner of Internal Revenue. The Coles sought interest on an alleged overpayment of taxes and monetary damages for actions of unnamed government employees that allegedly violated the Coles' constitutional rights. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 * Bivens Claims
 
 
 4
 The Coles contend the district court erred by determining their Bivens[2] claims were barred by the statute of limitations. They contend that Bivens claims should be governed by a six-year statute of limitations, rather than the three-year limitations period provided by Washington state law. This contention lacks merit.
 
 
 5
 Bivens actions are governed by the residual personal injury statute of limitations of the state in which the district court sits. Van Strum v. Lawn, 940 F.2d 406, 408-10 (9th Cir.1991). Washington applies a three-year statute of limitations to such actions. See Joshua v. Newell, 871 F.2d 884, 886 (9th Cir.) (applying Wash.Rev.Code Sec. 4.16.080(2) to claim for constitutional deprivation), cert. denied, 493 U.S. 994 (1989). Accordingly, the district court properly determined that, to the extent the Coles' Bivens claim was based on defendants' actions occurring prior to 1987, the claim was barred by the statute of limitations. See Van Strum, 940 F.2d at 409.
 
 
 6
 Moreover, to the extent the Coles' Bivens claim arises out of any events occurring after 1987, the district court properly dismissed for failure to state a claim upon which relief may be granted. To state a claim for constitutional deprivation, a plaintiff must allege facts showing how each defendant personally participated in the action causing the deprivation. Arnold v. International Business Machines Corp., 637 F.2d 1350, 1355 (9th Cir.1981). The plaintiff must set forth the specific factual basis upon which he claims each defendant is liable. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir.1980). Here, the Coles failed to allege facts showing how the defendants participated in committing a constitutional wrong and failed to set forth the factual basis of their claims. Accordingly, the district court properly dismissed these claims. See id.
 
 II
 Refund Claims
 
 7
 The Coles contend the district court erred by granting summary judgment on their claims for refunds because their allegation that the IRS assessed a greater amount of taxes than authorized stated a claim for relief. This contention lacks merit.
 
 
 8
 In a refund suit, if the government concedes a plaintiff's entitlement to money paid to or collected by the government and grants a refund for the amount, there is no further money to be paid and the plaintiff's action is moot. See Hutchinson v. United States, 677 F.2d 1322, 1326 n. 3 (9th Cir.1982).
 
 
 9
 Here, the Coles sought refunds of taxes paid for tax years 1984-88.[3] In support of its summary judgment motion, the government furnished an affidavit stating that the government issued checks for all refunds owed for tax years 1984, 1985, and 1988, along with interest. The affidavit also stated that the government did not owe any refunds for the years 1986 and 1987 because the Coles neither owed nor paid any taxes for those years.
 
 
 10
 Because the government conceded the money owed for the relevant tax years and has issued checks for the amounts owed, there is no further money to be paid. Thus, the Coles' refund claims as to those years are moot. See id. Moreover, the Coles have not demonstrated that their claim should be reviewed under the mootness exception for agency decisions "capable of repetition, yet evading review." See Moore v. Ogilvie, 394 U.S. 814, 816 (1969). Accordingly, the district court properly granted summary judgment on these claims.
 
 III
 Claim for Interest on 1977 Overpayment
 
 11
 The Coles contend the district court erred by determining that it lacked jurisdiction over their claim for interest on the alleged overpayment of taxes for the tax year 1977. This contention lacks merit.
 
 
 12
 Interest is not recoverable on an obligation owed by the government unless explicitly provided by statute or contract. See Rosenman v. United States, 323 U.S. 658, 663 (1945). The Coles claimed a right to interest under 26 U.S.C. Sec. 6611. That section provides that interest shall be allowed and paid upon an overpayment. 26 U.S.C. Sec. 6611(a). An entitlement to interest is premised upon receipt of a refund. See 26 U.S.C. Sec. 6611(b) (interest allowed is calculated based on the date of the overpayment and the date of the refund check); Rev.Rul.57-242, 1957-1 C.B. 452 ("cause of action for interest on an overpayment of internal revenue tax does not arise ... until the refund is allowed").
 
 
 13
 Here, the district court properly required the Coles to show there was an overpayment and entitlement to refund prior to allowing them to claim a right to interest payments. See 26 U.S.C. Sec. 6611(b); Rev.Rul. 57-242, 1957-1 C.B. 452. Thus, the district court properly dismissed their claim for interest.
 
 IV
 Claim for Refund of Backup Withholding
 
 14
 The Coles contend the district court erred by dismissing their claim for refund of backup withholding. This contention lacks merit.
 
 
 15
 To claim a refund of backup withholding, a taxpayer must file a claim for refund with the IRS as required by 26 U.S.C. Sec. 7422(a). This requirement is jurisdictional. See Yuen v. United States, 825 F.2d 244, 245 (9th Cir.1987) (per curiam).
 
 
 16
 Here, the jurisdictional requirements have not been met because there is no evidence in the record that the Coles have filed with the IRS a claim for a refund of backup withholding. Thus, the district court properly dismissed this claim.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Coles' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject the government's contention that we lack jurisdiction over this appeal. See Cel-A-Pak v. California Agrig. Labor Relations Bd., 680 F.2d 664, 667 (9th Cir.) (noting that court may construe a document as notice of appeal where document shows party intended to appeal and provides notice of such intent to opposing party and the court), cert. denied, 459 U.S. 1071 (1982). Here, the Coles' civil appeal docketing statement, filed on April 5, 1993, meets the requirements of Cel-A-Pak and is timely under Fed.R.App.P. 4(a). Thus, we have jurisdiction over this appeal. See id
 
 
 [2]
 Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)
 
 
 [3]
 On appeal, the Coles allege they were due a refund for tax year 1968. In their opposition to the government's summary judgment motion, however, they stated that they were not seeking a refund for any tax year prior to 1984. Because the Coles did not claim a refund for tax year 1968 in the district court, we decline to consider this issue on appeal. See Wind Power Syss., Inc. v. Cannon Fin. Group, Inc. (In re Wind Power Syss., Inc.), 841 F.2d 288, 290 n. 1 (9th Cir.1988)