**James C. & Janet A. RUSSELL, Plaintiffs,**

v.

**Mark ROOK, et al., Defendants.**

**No. CY–94–3131–AAM.**

United States District Court, E.D. Washington.

April 30, 1995.

James C. and Janet A. Russell, Yakima, WA, pro se plaintiffs.

Paul W. Sharratt, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington DC, for defendants.

## ORDER DISMISSING COMPLAINT

McDONALD, District Judge.

Before the Court are United States' Motion for Substitution of the United States for the Individual Federal Defendants and to Dismiss Plaintiffs' Complaint; or in the Alternative, for More Definite Statement, **Ct. Rec. 6;** and Plaintiff's Motion to Dismiss, **Ct.Rec. 10.** On hearing without oral argument, plaintiffs ("the Russells") appeared *pro se.* Defendants were represented by Paul W. Sharratt of the United States Department of Justice, Washington, D.C.[1]

### A. BACKGROUND

The Russells filed this suit on November 9, 1994, against Internal Revenue Service agents. The Russells' complaint appears to be either a civil suit for refund or a quiet title

---

1. Defendants have not answered, and explicitly reserve the defense of lack of personal jurisdiction. Ct.Rec. 6, at 2 n. 1.

action. They seek restitution of their losses, plus voiding of defendants' assessments, levies, liens, seizures and sales.

The Court previously has reminded the Russells of the requirement of LR 7 (including the filing of a memorandum and a notice of hearing) and the sanction for its violation; and of the applicable service rule, Fed. R.Civ.P. 4(i). Order on Motion for Show Cause Hearing, at 2.

## B. DEFENDANTS' MOTION

*Party contentions.* Defendants move to substitute the United States for the individual defendants and then dismiss the complaint for improper service on the United States, sovereign immunity of the United States, and failure to state a claim. Alternatively, defendants move for a more definite statement.

The Russells did not respond by the response deadline.[2] (Eleven days after the deadline, they filed their own motion, discussed in the next section.)

■ *Substitution.* The complaint does not allege that defendants acted in any capacity other than their official capacity as I.R.S. employees (in assessing and collecting monies). At most, the Russells allege that defendants proceeded without explicit authorization from the Secretary of Treasury to collect taxes, but such a claim must be rejected. *Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992) (I.R.S. agents have authority to collect taxes).

Furthermore, to the extent the Russells seek compensation, this action is a refund action that may be maintained only against the United States, not its officers or employees. Internal Revenue Code § 7422(f)(1). The Code also requires a district court to substitute the United States for any of its officers, upon proper service of process on the United States. § 7422(f)(2). *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.

1985) (refund action is considered to be brought solely against the United States); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982) (same).

Therefore, the Russells cannot sue the individual I.R.S. agents they have named as defendants. The United States must be substituted for the individual defendants.

■ *Dismissal.* As the United States is a defendant, service must be effected according to Fed.R.Civ.P. 4(i)(1). (This is not a new requirement; such service was required at initiation of suit, because the Russells served officers of the United States. Fed. R.Civ.P. 4(i)(2).) The Russells have failed to demonstrate that they have made the required service, even after being reminded by Court order.[3] Therefore, their complaint must be dismissed under Fed.R.Civ.P. 12(b)(5).

The government also contends that the complaint must be dismissed under Fed. R.Civ.P. 12(b)(1) (lack of subject matter jurisdiction), because the United States has not waived its sovereign immunity to suit. However, it is not evident from the Russells' complaint what their alleged basis of subject matter jurisdiction is. Therefore, this issue cannot be decided.

■ The government also contends that the Russells fail to state a claim for relief, meriting dismissal under Fed.R.Civ.P. 12(b)(6). It is true that the Russells' complaint fails to state a claim for refund; the Russells fail to assert the prerequisites of full payment of taxes, timely exhaustion of an administrative claim, and timely suit.[4] It also fails to state a claim for quiet title; the Russells fail to assert the lien or federal interest, the name and address of the taxpayer whose liability created the lien, and the date, place, and I.R.S. office filing a notice of lien. 28 U.S.C. § 2410(b). It also fails to state a Freedom of Information Act claim,

---

**2.** The Russells were served by mail on March 17, 1995. Ct.Rec. 8. Therefore, under LR 7(d) and Fed.R.Civ.P. 6(e), the Russells' response was due March 31, 1995.

**3.** The Russells apparently have merely sent copies of filings by regular mail. *See, e.g.,* Proof of Service, Ct.Rec. 5, at 2.

**4.** *See Flora v. United States*, 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958) (prerequisite of full payment of taxes), I.R.C. § 7422(a) (prerequisite of timely exhaustion of an administrative claim), and I.R.C. § 6532(a)(1) (prerequisite of timely suit).

because the Russells fail to assert their exhaustion of administrative appeal. 5 U.S.C. § 552(a). However, a court should not order Rule 12(b)(6) dismissal where amendment could save the complaint (or claim sought to be dismissed). *Kelson v. Springfield,* 767 F.2d 651, 653 (9th Cir.1985); *Robertson v. Dean Witter Reynolds, Inc.,* 749 F.2d 530, 541 (9th Cir.1984). As it is possible that under some set of facts the Russells could state a claim, dismissal on this ground is inappropriate.

*More definite statement.* As this Order dismisses the complaint, the government's request for a more definite statement under Fed.R.Civ.P. 12(e) is moot.

### C. PLAINTIFFS' MOTION

Plaintiffs move for voluntary dismissal of their complaint. As discussed in the previous section, the complaint must be dismissed on other grounds. Therefore, this motion is moot.

### D. CONCLUSION

Although this Order dismisses the Russells' suit without prejudice, the Court will not permit re-filing of this same suit with the same errors. Naming of individual I.R.S. agents as defendants can result in their immediate, summary dismissal from suit. Similarly, failure to serve the United States can result in summary dismissal of the entire complaint. The Russells also must state in their complaint how the government has waived its sovereign immunity to suit (*e.g.,* by a statute or Code provision consenting to suit). The Russells also must state with particularity the factual elements of their claim, and allege the necessary prerequisites to their cause(s) of action.

**IT IS HEREBY ORDERED:**

1. United States' Motion for Substitution of the United States for the Individual Federal Defendants and to Dismiss Plaintiffs' Complaint is **GRANTED** (substituting United States for individual defendants, and dismissing under Fed.R.Civ.P. 12(b)(5)).

2. Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff's Motion to Dismiss is **DENIED AS MOOT.**

**IT IS SO ORDERED.**