82 F.3d 422
 77 A.F.T.R.2d 96-1586
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Archie L. COLE; Carol J. Cole, Plaintiffs-Appellants,
v.
Robert L. HIGGINS; Keith Farrar; Margaret Milner
Richardson; Jack B. Cheskaty; Nicoli Ferrell,
Defendants-Appellees.
 No. 95-35292.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 26, 1996.*
Decided April 1, 1996.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Archie L. and Carol J. Cole, husband and wife, appeal pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of their action for treble damages against employees of the Internal Revenue Service ("IRS") under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968, and the Uniform Commercial Code. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal. Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir.1995). The Coles contend that the district court erred by dismissing their complaint for failure to state a claim. This contention lacks merit.
 
 
 4
 The Coles have failed to allege that the appellees conducted an "enterprise" through a pattern of racketeering activity. See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir.1989). Moreover, because the Coles have alleged fraud in connection with their RICO claim, Fed.R.Civ.P. 9(b) "requires that circumstances constituting fraud be stated with particularity." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.1988), cert. denied, 493 U.S. 858 (1989). Finally, we note that "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." Oscar v. University Students Co-op Ass'n, 965 F.2d 783, 786 (9th Cir.), cert. denied, 113 S.Ct. 655 (1992). We agree with the district court that the Coles' allegations were general and conclusory and, therefore, failed to state a claim.
 
 
 5
 To the extent that the Coles' action could be construed as a suit against the United States because they are suing IRS employees for acts committed within their official duties, the Coles have failed to establish that the United States has waived its sovereign immunity to suit. See United States v. Mitchell, 463 U.S. 206, 212 (1983); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985).
 
 
 6
 The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, is inapplicable here because the FTCA does not apply to claims arising out of the "assessment and collection of any tax." See 28 U.S.C. § 2680(c); Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982).
 
 
 7
 Although section 7432 of the Internal Revenue Code allows a taxpayer to bring an action for damages against the United States when an employee of the IRS knowingly or negligently fails to release a lien against the taxpayer's property, the taxpayer must first exhaust his administrative remedies. See I.R.C. § 7432(d)(1); 26 C.F.R. § 301.7432-1(e). Because the Coles have failed to exhaust their administrative remedies, the district court did not have jurisdiction under this statute.[1]
 
 
 8
 Finally, to the extent the Coles contend that the district court erred in denying their motion for a preliminary injunction, this contention lacks merit because the Anti-Injunction Act provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court ..." I.R.C. § 7421(a).
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Congress has provided a remedy for the type of IRS conduct the Coles complain of, they may not maintain an action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991)
 
 
 [2]
 We need not address the Coles's equal protection and due process claims raised in their opening brief because the Coles did not raise these claims before the district court. See United States v. Reyes-Alvarado, 963 F.2d 1184, 1189 (9th Cir.), cert. denied, 113 S.Ct. 258 (1992). We deny the Coles' motion to strike the appellees' brief