98 F.3d 1346
 78 A.F.T.R.2d 96-6902, 97-1 USTC P 50,108
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Nannette MOFFETT, Plaintiff,
v.
Emil P. TOLOTTI, Defendant.
Emil P. TOLOTTI, Third-party-plaintiff-Appellant,
v.
UNITED STATES of America, Third-party-defendant-Appellee.
 No. 96-15201.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 9, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Emil P. Tolotti appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his action against the United States.[1] In his third-party complaint, Tolotti alleged that several employees of the Internal Revenue Service ("IRS") engaged in wrongful conduct in connection with the IRS's tax-collection activities. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 In order for Tolotti to maintain a suit against the United States, he must establish that the government has waived its sovereign immunity to suit. See e.g., Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982). This he failed to do.
 
 
 4
 Here, the Federal Torts Claim Act ("FTCA"), 28 U.S.C. §§ 2671 et seq., does not provide a basis for his suit because under section 2680(c), any claims arising in respect of the assessment or collection of any tax are expressly excluded from the scope of the FTCA's waiver. See 28 U.S.C. § 2680(c); Hutchinson, 677 F.2d at 1327; Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975).
 
 
 5
 Nor does section 7433 of the Internal Revenue Code provide a basis for his suit because he failed to show that he exhausted his administrative remedies by filing a written claim before bringing his lawsuit. See I.R.C. § 7433(d)(1); Treas.Reg. § 301.7433-1(d) & (e).
 
 
 6
 Finally, insofar as Tolotti maintains that section 7426 of the Internal Revenue Code provided a basis for his suit, this argument must fail because he is the person against whom the tax was assessed out of which the levy arose. See I.R.C. § 7426(a); Shannon v. United States, 521 F.2d 56, 59 (9th Cir.1975), cert. denied, 424 U.S. 965 (1976).
 
 
 7
 We reject Tolotti's contention the United States Attorney's certification was improper because Tolotti failed to present evidence to create a genuine issue of fact as to whether the federal employees were not acting within the scope of their employment. See Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993), cert. denied, 115 S.Ct. 58 (1994) (per curiam); accord Schrob v. Catterson, 967 F.2d 929, 935 (3rd Cir.1992) (plaintiff must come forward with specific facts rebutting the certification). Likewise, we find that the service of papers in connection with the substitution was proper.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The United States was substituted as the defendant for the employees of the Internal Revenue Service who were named in Tolotti's third-party complaint