108 F.3d 1385
 79 A.F.T.R.2d 97-1636
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel HAINES, Plaintiff-Appellant,
v.
Gerald LESTER, Defendant-Appellee.
 No. 96-35626.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 14, 1997.
 
 Before: SNEED, LEAVY and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel Haines appeals pro se the district court's dismissal for lack of subject matter jurisdiction of his declaratory action seeking to enjoin tax collection activities by Internal Revenue Service Agent Gerald Lester. Haines contends that because he was suing Lester as an individual, the district court erred by (1) allowing the United States to remove Haines's state action to federal court upon a certification that the United States was the proper defendant; and (2) dismissing his action against the United States. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 The district court did not err by allowing the United States to remove Haines's state action to federal court upon a certification that the United States was the proper defendant since Lester was acting as an employee of the United States. Haines failed to present evidence to create a genuine issue of fact regarding whether Lester was acting within the scope of his employment. See Green v. Hall, 8 F.3d 695, 698 (9th Cir.1993), cert. denied, 115 S.Ct. 58 (1994) (per curiam); accord Schrob v. Catterson, 967 F.2d 929, 935 (3rd Cir.1992) (plaintiff must come forward with specific facts rebutting the certification).
 
 
 4
 Second, the district court did not err by dismissing the action because the record indicates Haines was suing Lester for actions taken in the scope of his employment, and thus Haines's action was against the United States. Haines failed to establish that the United States has waived its sovereign immunity to suit. See United States v. Mitchell, 463 U.S. 206, 212 (1983); Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir.1985). Haines further failed to establish that any exception to sovereign immunity applied. See e.g., Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991).
 
 
 5
 Accordingly, the district court's judgment is
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Haines's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Lester's request for sanctions under Fed.R.App.P. 38 is denied