Ralph LEE, Plaintiff,

v.

Fred BASS, Defendant.

No. CV 04–51–M–DWM.

United States District Court,
D. Montana.
Missoula Division.

Sept. 23, 2004.

Ralph Lee, Bigfork, MT, pro se.

Lorraine D. Gallinger, William W. Mercer, Office of the U.S. Attorney, Billings, MT, Anton L. Janik, U.S. Department of Justice—Tax Division, Washington, DC, for Defendant.

## ORDER

MOLLOY, Chief Judge.

This matter comes before the Court on Defendant's Motion to Dismiss (Docket No. 3) and Defendant's Motion for Entry of Order Pursuant to L.R. 7.1(i). (Docket No. 5). Plaintiff filed a "Counterclaim" in admiralty to begin this action. (Docket No. 1). The Court has construed this document as Plaintiff's Complaint (since no other action involving these parties has been filed in this Court) and refers herein to Docket No. 1 as the Complaint in this matter.

Plaintiff has not filed a response to Defendant's motions. The Court notes that mail from this Court addressed to Plaintiff at the address provided to the Court was returned with the notations "Does not Reside Here" and "Did Not Open." (Docket No. 2).

■ Local Rule 7.1(i) of the Local Rules for the United States District Court for the District of Montana provides that, "failure to file briefs within the prescribed time may subject any motion to summary ruling.... Failure to file a brief by the adverse party shall be deemed an admission that the motion is well taken." Accordingly, Defendant's Motion for Entry of Order Pursuant to L.R. 7.1(i) will be **GRANTED** and Plaintiff's failure to file a response to Defendant's motion will be taken as an admission that the motion is well taken.

Given that admission and the grounds set forth in Defendant's Motion to Dismiss, this case will be **DISMISSED** because the sole proper Defendant is the United States of America, an entity entitled to sovereign immunity.

Defendant's motion requests this Court to dismiss the individually named defendant Fred Bass and substitute the United States of America as the sole proper defendant.

■ The first issue before the Court is whether Mr. Bass has been sued in his individual or official capacity. Plaintiff's Complaint does not appear to make a distinction. This is the primary issue before this Court because a suit against an IRS employee in their official capacity is essentially a suit against the United States and thus barred by sovereign immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985) (citing *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 688, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949)).

■ Sovereign immunity does not bar damage actions against federal officials in their individual capacity for violation of an individual's constitutional rights. *Gilbert*, 756 F.2d at 1459 (citing *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Larson*, 337 U.S. at 689, 69 S.Ct. 1457).

■ "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration,' or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act.'" *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 10 L.Ed.2d 15 (1963) (internal citations omitted).

■ Plaintiff is seeking an injunction against Defendant Bass to stop the IRS's attempts to collect federal taxes from Plaintiff. While this is not entirely clear from the Complaint, it is spelled out in Plaintiff's submitted "Default Judgment" to be entered if Defendant failed to timely respond to Plaintiff's Complaint. In that document, Plaintiff asked that the "injunc-

tive relief sought" be awarded and that Defendant be ordered to stop the seizure upon Plaintiff's property and person. This indicates to the Court that Plaintiff is seeking to enjoin the government's attempt to collect outstanding taxes.

Accordingly, Plaintiff is seeking to restrain the government from acting and thus this suit is against Defendant in his official capacity and must be construed as a claim against the United States of America.

█ The United States of America is a sovereign, and, therefore is immune from suit unless it has expressly waived such immunity and consented to be sued. *Gilbert,* 756 F.2d at 1458 (citing *United States v. Shaw,* 309 U.S. 495, 500–01, 60 S.Ct. 659, 84 L.Ed. 888 (1940); *Hutchinson v. United States,* 677 F.2d 1322, 1327 (9th Cir.1982); *Beller v. Middendorf,* 632 F.2d 788, 796 (9th Cir.1980), *cert. denied,* 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 405 (1981)). This waiver cannot be implied and must be unequivocally expressed. *United States v. King,* 395 U.S. 1, 4, 89 S.Ct. 1501, 23 L.Ed.2d 52 (1969). Where a suit has not been consented to by the United States, dismissal of the action is required. *Hutchinson,* 677 F.2d 1322.

Plaintiff has not responded to Defendant's motion and has presented no evidence or argument that the United States has waived its sovereign immunity. Accordingly, the Court must dismiss this Complaint.

Based upon the foregoing, the Court enters the following:

### ORDER

Defendant's Motion to Dismiss (Docket No. 3) and Defendant's Motion for Entry of Order Pursuant to L.R. 7.1(i) (Docket No. 5) are **GRANTED** and Plaintiff's Complaint (Docket No. 1) is **DISMISSED.**