**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 4 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESSE YARBOROUGH, | No. 14-55785 |
| Plaintiff-Appellant, | D.C. No. 5:10-cv-00346-VAP-PLA |
| v. | |
| J. L. NORWOOD; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| FRANCISCO J. QUINTANA, Official Capacity; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Submitted May 2, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Former prisoner Jesse Yarborough appeals pro se the adverse grant of summary judgment on his claims of sexual harassment and inadequate medical treatment while in federal custody, pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). We have jurisdiction under 28 U.S.C. § 1291 and review the grant of summary judgment de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

It was error to grant summary judgment against Yarborough on his claims that Dr. Jesus Fernandez and Jimmy Elevaso[1] were deliberately indifferent to his medical needs by denying his requests for unused catheters. Although Yarborough rejected recommendations for alternative treatments, Dr. Fernandez and Elevaso were still obligated to provide *some* form of reasonable treatment. *See, e.g., Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989) (holding a plaintiff alleging deliberate medical indifference "need not prove complete failure to treat").[2] Additionally, while Dr. Fernandez recalled that, "[o]n many occasions," Yarborough did "not

---

[1] We note that portions of the record spell Jimmy Elevaso as "Jimmy Elevazo."

[2] *See also De'Lonta v. Johnson*, 708 F.3d 520, 525–26 (4th Cir. 2013) (rejecting an argument that provision of some treatment for a serious medical need "necessarily" rendered the plaintiff's claim of deliberate indifference legally insufficient and stating that "just because [officials] have provided [the plaintiff] with *some* treatment . . . it does not follow that they have necessarily provided her with *constitutionally adequate* treatment").

return the full amount of catheters which were previously provided to him," this vague recollection was disputed by Yarborough in his deposition, and is too ambiguous to prove the absence of a genuine dispute of material fact. Importantly, this case is not about whether the one-for-one catheter swap was reasonable or necessary; rather, this case is about whether Yarborough was denied sufficient unused catheters to prevent repeated infections. Summary judgment does not permit disregard of Yarborough's factual account as a "bald assertion" while crediting Dr. Fernandez's similarly-conclusory account as true. *See McLaughlin v. Liu*, 849 F.2d 1205, 1207–08 (9th Cir. 1988).

It was also error to grant summary judgment against Yarborough on his claim that Dr. Fernandez made sexual comments while performing multiple rectal examinations. First, the court's reliance on the absence of medical records corroborating the exact date of an examination was misguided given Dr. Fernandez agreed that at least one examination occurred. Second, the court's conclusion that Dr. Fernandez's comments were not sufficiently offensive to human dignity to constitute sexual harassment is a factual determination, and a reasonable jury could find that Dr. Fernandez's comments within the context of a rectal examination served no penological justification. *See Wood v. Beauclair*, 692 F.3d 1041, 1048 (9th Cir. 2012).

3

However, there was no abuse of discretion in denying Yarborough's request for a continuance to conduct additional discovery because Yarborough failed to identify any efforts to conduct discovery during the eight months before the discovery deadline or how allowing additional discovery would have precluded summary judgment. *See Tatum v. City & Cty. of S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006).[3]

The district court is instructed to consider whether appointment of counsel on remand is appropriate.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

---

[3] Yarborough's request to amend the record, Doc. 28, is denied. *See Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) ("The bar of sovereign immunity cannot be avoided merely by naming officers and employees of the United States as defendants."). Additionally, Dr. Fernandez and Elevaso's motion to strike, Doc. 36, is denied as unnecessary because "[d]ocuments or facts not presented to the district court are not part of the record on appeal." *United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).