15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rosa ZAMORA, Plaintiff-Appellant,
v.
Irma GONZALEZ; Janice Mayfield; David Schluter; S.
Castaneda; Jesse Cote, Defendants-Appellees.
 No. 93-55479.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 11, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rosa Zamora appeals pro se the district court's dismissal of her action against District Court Judge Irma E. Gonzalez, the United States, and Internal Revenue Service ("IRS") employees for certain common law torts and for conspiracy to deprive her of her constitutional rights. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Dismissal of Claims Against Judge Gonzalez
 
 
 4
 Zamora contends that the district court erred by granting Judge Gonzalez' motion to dismiss for failure to state a claim.[1] This contention lacks merit.
 
 
 5
 We review a dismissal under Fed.R.Civ.P. 12(b)(6) de novo. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). Our review is limited to the complaint's contents, taking the allegations of material fact as true and construing them in the light most favorable to the non-moving party. Id. at 794.
 
 
 6
 In her complaint, Zamora alleged that Judge Gonzalez violated her constitutional rights by conspiring with other defendants to dismiss Zamora's earlier wrongful levy action against the United States.[2] She sought damages and injunctive relief based on Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 7
 "Judges are absolutely immune from civil liability for damages for their judicial acts." Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1388 (9th Cir.1987), cert. denied, 486 U.S. 1040 (1988). A judge only can be subject to liability where his actions are nonjudicial or where he has acted in the "clear absence of all jurisdiction." See Stump v. Sparkman 435 U.S. 349, 356-57, 360 (1978). "The judicial ... immunity available to federal officers is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief." Mullis, 828 F.2d at 1394.
 
 
 8
 Construing Zamora's allegations as true, she failed to state a claim against Judge Gonzalez. The judge was absolutely immune from civil liability or injunctive relief for the actions she took in presiding over and deciding to dismiss Zamora's earlier action. See Mullis, 828 F.2d at 1394. Zamora did not allege that the judge acted without jurisdiction. See Stump, 435 U.S. at 356-57. Thus, the district court did not err by dismissing Zamora's action against Judge Gonzalez for failure to state a claim.
 
 II
 
 9
 Dismissal of Claims Against the United States
 
 
 10
 Zamora contends that the district court erred by granting the United States' motion to dismiss.[3] This contention lacks merit.
 
 
 11
 We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We construe the district court's dismissal as one based on a lack of subject-matter jurisdiction and on the doctrine of res judicata. The existence of subject matter jurisdiction is a question of law reviewed de novo. Reebok Int'l, Ltd. v. Marnatech Enters., Inc., 970 F.2d 552, 554 (9th Cir.1992). A district court's dismissal on res judicata grounds also is reviewed de novo. Palomar Mobilehome Park Ass'n v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 
 
 12
 In her complaint, Zamora alleged that IRS employees (1) conspired to violate her constitutional rights, (2) caused her physical injury by removing her from the location where a seizure of property occurred, and (3) wrongfully levied on property in violation of 26 U.S.C. Sec. 7426(a). In addition, she alleged that one IRS official lied to a congressman[4] about the status of Zamora's wrongful levy case. Zamora sought damages and injunctive relief from the United States.[5]
 
 
 13
 A. Conspiracy to Violate Constitutional Rights
 
 
 14
 The United States, as a sovereign, cannot be sued for damages without its prior consent, and the terms of its consent define the court's subject-matter jurisdiction. Hutchinson v. United States, 677 F.2d 1322, 1327 (9th Cir.1982). The bar of sovereign immunity extends to United States agents and officers where they are sued in their official capacity for actions within the scope of their employment. Id. Only where this immunity has been explicitly waived can an action be brought against the United States. Holloman v. Watt, 708 F.2d 1399, 1401 (9th Cir.1983), cert. denied, 466 U.S. 958 (1984).
 
 
 15
 The United States has not waived sovereign immunity for suits for damages based on allegations of constitutional violations by its employees. See Clemente v. United States, 766 F.2d 1358, 1363 (9th Cir.1985), cert. denied, 474 U.S. 1101 (1986); Arnsberg v. United States, 757 F.2d 971, 980 (9th Cir.1985), cert. denied, 475 U.S. 1010 (1986). Thus, to the extent Zamora claimed that IRS employees, as government officials, violated her constitutional rights, there was no waiver of sovereign immunity, and the district court lacked jurisdiction to consider this claim. See Clemente, 766 F.2d at 1363.
 
 B. Physical Injury
 
 16
 The United States has waived its sovereign immunity with respect to certain torts under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. Secs. 1346(b), 2671-80. The FTCA provides a limited waiver of sovereign immunity for the tortious conduct of federal employees that occurs within the scope of employment. See id.; Hutchinson, 677 F.2d at 1327. The FTCA, however, does not waive sovereign immunity for claims arising out of the assessment or collection of taxes. 28 U.S.C. Sec. 2680(c); Hutchinson, 677 F.2d at 1327; Morris v. United States, 521 F.2d 872, 874 (9th Cir.1975).
 
 
 17
 Here, Zamora's action against IRS employees for the allegedly tortious conduct arose when the employees seized property allegedly belonging to a taxpayer corporation. Because Zamora's claim arose out of a dispute over the assessment or collection of taxes, the district court lacked subject-matter jurisdiction over the dispute. See Morris, 521 F.2d at 874.
 
 C. Wrongful Levy
 
 18
 26 U.S.C. Sec. 7426(a) provides a limited waiver of sovereign immunity allowing third parties to sue the United States when IRS collection activities interfere with their property rights. Sessler v. United States, Nos. 92-55031, 92-55042, slip op. 12115, 12119 (9th Cir. Oct. 28, 1993). This waiver is strictly construed in favor of the government and only waives immunity where there has been a "wrongful levy." Id.
 
 
 19
 Zamora's earlier action against the government was brought under section 7426. The case was dismissed by the district court. Under the doctrine of res judicata, a final valid judgment on a cause of action by a court of competent jurisdiction is conclusive against the parties on all matters of fact or law that were, or might have been adjudicated in the prior proceeding. See Commissioner v. Sunnen, 333 U.S. 591, 597 (1948); McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir.1986). Because Zamora's present claim that the IRS wrongfully levied on her property is an attempt to relitigate her earlier section 7426 action against the same party, it is barred by res judicata. See McClain, 793 F.2d at 1033.
 
 
 20
 Finally, under the Anti-Injunction Act, federal courts are without jurisdiction to grant injunctions restraining the assessment or collection of any tax. See 26 U.S.C. Sec. 7421(a). This prohibition applies to suits by persons who are not the ones against whom the tax is assessed. See id. One exception to this prohibition is 26 U.S.C. Sec. 7426(a) and (b)(1) which permit certain forms of injunctive relief for wrongful levy.
 
 
 21
 Here, to the extent that Zamora sought injunctive relief for the acts of the IRS employees, the district court lacked jurisdiction because the relief sought affected the assessment and collection of a tax. See 26 U.S.C. Sec. 7421(a). Moreover, Zamora is barred by the doctrine of res judicata from seeking injunctive relief under the section 7426 exception to the Anti-Injunction Act. See McClain, 783 F.2d at 1033. Thus, because of a lack of subject-matter jurisdiction and the application of res judicata, the district court did not err by dismissing Zamora's action against the United States.
 
 III
 Refusal to File Zamora's Amended Complaint
 
 22
 Zamora contends that the district court erred by refusing to allow her to file an amended complaint naming IRS employees in their individual capacities.[6] This contention lacks merit.
 
 
 23
 A party has a right to amend her complaint "once as a matter of course at any time before a responsive pleading is served." See Fed.R.Civ.P. 15(a). Nevertheless, if amendment of the complaint would be futile, a district court has discretion to deny leave to amend, even if prior to a responsive pleading. See Albrecht v. Lund, 845 F.2d 193, 195 (9th Cir.1988), amended by, 856 F.2d 111 (1988).
 
 
 24
 Because the defendants had not served a responsive pleading, Zamora had a right to amend her complaint. See Fed.R.Civ.P. 15(a); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986) (motion to dismiss is not a responsive pleading within the meaning of Rule 15(a)). Nonetheless, we conclude the district court did not abuse its discretion by refusing to allow Zamora to file the amended complaint because the amendment would have been futile; Zamora could not state a claim against IRS employees in their individual capacities because they were entitled to qualified immunity. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Albrecht, 845 F.2d at 195.
 
 
 25
 Under Bivens, a person can be held liable under color of federal law that deprive another of a constitutional right. See Bivens, 403 U.S. at 397. Federal officers are entitled to qualified immunity from a Bivens claim if their conduct does not violate a "clearly established" constitutional right of which a reasonable person would have known. See Harlow, 457 U.S. at 818.
 
 
 26
 Here, Zamora failed to allege any acts by IRS employees that violated a clearly established constitutional right. First, Zamora's complaint contained mere allegations that the defendants violated her Third, Seventh, Eighth and Ninth Amendment rights. "Generalized allegations of constitutional violations, however, are insufficient to rebut an official's assertion of a qualified immunity defense." Maraziti v. First Interstate Bank, 953 F.2d 520, 524 (9th Cir.1992).
 
 
 27
 Second, taking as true Zamora's claim that IRS employees entered her business and took property, she has not alleged a violation of a clearly established Fourth Amendment right. See Maisano v. Welcher, 940 F.2d 499, 502-03 (9th Cir.1991), cert. denied, 112 S.Ct. 1957 (1992). Moreover, Zamora's contention that due process required a hearing before agents seized the property is without merit. Congress has provided a remedy for third parties who claim the IRS wrongfully levied on property in which they have an interest, and where such remedies are provided due process is satisfied. See 26 U.S.C. Sec. 7426(a); Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir.1990), cert. denied, 498 U.S. 1096 (1991); Todd v. United States, 849 F.2d 365, 369 (9th Cir.1988).
 
 
 28
 Finally, Zamora's claim that IRS employees "targeted" her because of her political associations in violation of her First Amendment right does not survive the requirement that pleadings reveal a violation of clearly established law. See Fry v. Melaragno, 939 F.2d 832, 838-39 (9th Cir.1991). She has not specified which acts of IRS employees were aimed at her nor has she suggested that the employees acted outside the scope of their authority in a way a reasonable person should have known was unlawful. See id.
 
 
 29
 Because the IRS employees, sued in their individual capacities, were entitled to qualified immunity, the district court did not err by refusing to allow Zamora to amend her complaint to allege claims against them. See Harlow, 457 U.S. at 818; Albrecht, 845 F.2d at 195.
 
 
 30
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Zamora challenges the district court's final judgment by questioning earlier rulings leading up to the judgment. See Munoz v. Small Business Admin., 644 F.2d 1361, 1364 (9th Cir.1981)
 
 
 [2]
 Zamora's earlier action arose from events of October 23, 1991 when IRS agents entered a location on La Mesa Boulevard in San Diego, CA, and seized personal property belonging to a taxpayer corporation. Zamora claimed that she was operating a business at the same location as the taxpayer and that some of the items that were seized belonged to her or to her customers
 
 
 [3]
 Both the United States' and IRS employees' motions were entitled motions to dismiss or alternatively, summary judgment motions. Declarations were submitted in support of these motions. Ordinarily, in a motion to dismiss, if matters outside the pleadings are presented and not excluded by the court, the motion is treated as one for summary judgment, and all parties must be given an opportunity to present material relevant to the motion. See Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir.1988). Here, the district court specified that it was granting the defendants' motions to dismiss and did not rely on the evidence submitted
 
 
 [4]
 Apparently, Zamora contacted United States Representative Duncan Hunter in connection with the actions that took place on October 23, 1991, and the congressmen wrote to the government's attorney on Zamora's behalf
 
 
 [5]
 The United States became a party to the action when IRS employees filed a notice of substitution of the United States after filing certificates of scope of employment under 28 U.S.C. Sec. 2679(d) and 28 C.F.R. Sec. 15.3. See 28 U.S.C. Sec. 2679(d)(1)
 
 
 [6]
 After the district court substituted the United States for the IRS employees in their official capacities, Zamora submitted an amended complaint naming IRS employees in their individual capacities. Zamora's amended complaint generally referred to her original complaint without reiterating the allegations of wrongdoing contained in the complaint. The district court did not accept Zamora's amended complaint because she failed to comply with a local rule requiring all pleadings be complete unto themselves. See S.D.Cal.L.R. 15.1